# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARTIS AEROSPACE INSURANCE SERVICES, INC. | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| VS. | ) | **2:12-cv-1087-JHH** |
| | ) | |
| AUA, INC., a/k/a Aviation Unlimited Agency, a/k/a Aviation Unlimited Agency, Inc.; and RICHARD RUSHING, JR. | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## MEMORANDUM OPINION

The court has before it the May 1, 2013 Motion (Doc. #69) for Default Judgment against Defendants AUA, Inc. and Richard Rushing, Jr. filed by Plaintiff Chartis Aerospace Insurance Services, Inc. (Chartis) pursuant to Federal Rule of Civil Procedure 55(b)(2).   Chartis also filed a Memorandum (Doc. #70) in support of Default Judgment.   For the reasons stated below, the Motion (Doc. #69) is due to be granted.

## I.  Procedural History

On April 10, 2012, Chartis filed the instant Complaint (Doc. #1) against Defendants in an attempt to collect money on a Note and Personal Guarantee, as well

as additional money as a result of an alleged breach of an agreement between Chartis and AUA, Inc.  Chartis also asserted claims arising out of an alleged breach of fiduciary duty for failure to properly maintain funds that AUA, Inc. received from non-parties.  (See Doc. #1.)

In response to the Complaint, on May 2, 2012, Defendants filed an Answer, Counterclaim and Third-Party Complaint (Doc. # 6) against Chartis and third party Greg Sterling.  On May 23, 2012 Sterling filed a motion (Doc. # 20) to dismiss the third party complaint for lack of jurisdiction.  Additionally, Chartis and Sterling filed a motion (Doc. #22) to dismiss the counterclaim for failure to state a claim and a motion (Doc. # 24) to strike the affirmative defenses asserted by Defendants in their Counterclaim and Third-Party Complaint.  After extensive briefing on all three pending motions, on July 24, 2012, the court denied Sterling's motion to dismiss, denied without prejudice the  motion to dismiss for failure to state a claim, and granted in part and denied in part the motion to strike.  (Docs. # 41, 42 & 43.)

Three days later, after the parties and the court expended considerable time and resources,  on July 27, 2012, Defendants voluntarily dismissed with prejudice the Counterclaim and Third Party Complaint.  (Doc. # 44 & 45.)  However, on August 21, 2012, Defendants filed an Amended Answer (Doc. # 46) incorporating many of the same allegations contained in the dismissed counterclaim and third party

2

complaint, in their "Statement of Facts for Affirmative Defenses." (Id. at 6-12.)

On October 11, 2012, Chartis filed a Motion (Doc. #47) to Compel Discovery Responses based upon its July 18, 2012 First Set of Interrogatories and First Request for Production of Documents to Defendants. (Exh. A. to Doc. # 47.) A day later, counsel for Defendants AUA, Inc. and Rushing filed a Motion (Doc. #49) and Amended Motion (Doc. #50) to withdraw as counsel. Although Chartis opposed (Doc. #51) the withdrawal of counsel, the court granted (Doc. # 57) the motion to withdraw. The order directed the clerk to enter Defendant Rushing as appearing pro se, but informed Defendant AUA, Inc. that it could not appear pro se and must be represented by counsel. (Id.) The court gave Defendant AUA, Inc. until November 28, 2012 to obtain new counsel. (Id.)

In the meantime, the court turned its attention to the pending motion (Doc. #47) to compel. On November 19, 2012, the court granted (Doc. #60) the motion in full and gave Defendants until December 5, 2012 to fully respond to all outstanding discovery requests.

The deadline for AUA, Inc. to obtain new counsel passed without a word from AUA, Inc. Therefore, the court ordered the clerk of court to enter default against the corporate defendant AUA, Inc. since it could not appear pro se. (Doc. # 61.) Default was entered against Defendant AUA, Inc. on December 5, 2012. (Doc. # 62.)

3

Then, on December 28, 2012, Chartis filed a motion (Doc. # 63) to show cause, in which Chartis sought an entry of default against the remaining Defendant, Richard Rushing, Jr., for failure to follow the court's order (Doc. #60) requiring Defendants to fully respond to all of Chartis's outstanding discovery requests.  As of the date of the filing of the motion, Rushing had failed to supplement his discovery responses as ordered by the court, the discovery deadline was a mere weeks away, and no depositions had been taken in the case.  The court, therefore, ordered Rushing to respond to the motion (Doc. #63) by January 14, 2013 and warned Rushing that failure to do so would "only add more fuel to the fire that has been started by Chartis in support of a default judgment against him."  (Doc. # 65.)

Not surprisingly, that date past without any filing by Rushing.  Chartis then filed a motion (Doc. # 66) for entry of default against Rushing for his failure to prosecute and failure to follow multiple orders of the court.  The court agreed with Chartis and entered default against Rushing on January 25, 2013.  (Doc. # 67.)

And that brings the court to the current Motion (Doc. # 69) for Default Judgment against Defendants AUA, Inc. and Richard Rushing, Jr., jointly and severally.  The Motion seeks money damages from Defendants.  Specifically, Chartis seeks the following:  (a) $500,000 for the failure to remit payment on the promissory note and personal guarantee, which comprises $400,000 in unpaid amounts due and

4

owing on the promissory note and personal guarantee and $100,000 in attorneys fees;

(b) six percent (6%) interest running from March 20, 2012 through the date of final

judgment , as well as court costs; (c) $719,835.71, equal to the additional premium

remitted by Chartis insureds to AUA; and (d) prejudgment interest of six percent

(6%) pursuant to Alabama Code § 8-8-1, running from April 10, 2012 through the

date of final judgment.  (Doc. # 69.)

## II.  Discussion

Federal Rule of Civil Procedure 55(b)(2)  states as follows:

> (b) **Entering a Default Judgment.**
>                                         . . .
> (2) **By the Court.**  In all other cases, the party must apply
> to the court for a default judgment. A default judgment
> may be entered against a minor or incompetent person only
> if represented by a general guardian, conservator, or other
> like fiduciary who has appeared. If the party against whom
> a default judgment is sought has appeared personally or by
> a representative, that party or its representative must be
> served with written notice of the application at least 7 days
> before the hearing. The court may conduct hearings or
> make referrals -- preserving any federal statutory right to a
> jury trial -- when, to enter or effectuate judgment, it needs
> to:
>> (A) conduct an accounting;
>> (B) determine the amount of damages;
>> (C) establish the truth of any allegation by evidence;
>> or
>> (D) investigate any other matter.

Fed.R.Civ.P. 55(b)(2).    Here,  both  Defendants  have  appeared  before  the  court.

Under the rule, therefore, the court must give Defendants notice of the application for default judgment at least seven days before any hearing.[1]   Fed.R.Civ.P. 55(b)(2). However, the court is convinced that Defendants have actual notice of the default proceedings initiated against them in this matter.  First, both the order instructing Defendant AUA, Inc. to obtain counsel (Doc. #57) and the Application for Entry of Default (Doc. #66) as well as all briefing related to the entries of default were sent via United States Postal Service from the Clerk to Defendants.  (See Docs. # 59, 62, 65.) Second, the court has entered orders giving both Defendants opportunities to show cause why the respective defaults should not be entered, and those orders have been sent to Defendants (as well as prior counsel for Defendants before they withdrew from this case).  (Docs. # 57. 61, 65.)  Third, the entries of default (Docs. # 62 & 67) were sent to Defendants and the certificates of service as to all motions regarding the default proceedings reflect service on Defendants.  Finally, the certificate of service on the instant Motion (Doc. #69) was sent to Defendant Richard Rushing, who is the President of AUA, Inc.  Accordingly, the court concludes that no further notice to Defendants is warranted prior to entry of default judgment against them.

---

[1]  The court has determined that a hearing is not necessary to decide the pending motion for entry of default judgement.  The issues before the court are not complicated and the allegations before it relate to sums certain.  Any evidence that the court needs to consider in assessing the claims and damages at issue have been adequately presented to the court through documentation and oral testimony is not needed.  Additionally, the court notes that Plaintiff has not requested a hearing.  For further discussion, see infra at 11-12.

**A.  Entry of Default Judgment is Appropriate.**

It is well established that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985).   That being said, however, in this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).

Simply put, Defendants AUA, Inc. and Richard Rushing, Jr. have stopped defending the lawsuit against them.  The court has been met with nothing but silence from these Defendants for over six months, and, in the case of Rushing, in direct disregard to the court's orders for a response.  In such a case as this, entry of default judgment is appropriate.  Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a).  Indeed "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." Flynn v. Angelucci Bros. & Sons, Inc., 448 F.Supp.2d 193, 195 (D.D.C.2006) (citation omitted). That is precisely what the Defendants have  done here.  Despite being notified by the court of the default proceedings initiated against them (see Docs. #57, 61, 65), AUA, Inc. and Rushing

7

have declined to defend this case, and has thereby stalled the progress of this litigation.  Therefore, entry of default judgment is proper under Rule 55 given their failure to defend.

That being said, the law is clear that Defendants' failure to plead or otherwise defend the Complaint and the Entry of Default does not automatically entitle Chartis to a default judgment in the requested amount.  Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F.Supp.2d 1353, 1357 (S.D. Ga. 2004); see also Nishimatsu Const. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1204 (5th Cir. 1975); Descent v. Kolitsidas, 396 F.Supp.2d 1315, 1316 (M.D. Fla. 2005).   Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n.41 (11th Cir. 1997); see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof.").

With these principles in mind, the court has reviewed the Complaint and is satisfied that it sets forth viable causes of action against the Defendants under

Alabama law.  In particular, the Complaint includes specific allegations that Chartis and AUA, Inc. entered into an agreement wherein AUA, Inc. agreed to remit $682,000 to Chartis in four installments.  (Exh. A to Compl. at 1-7.)  AUA failed to make $400,000 in payments under the agreement.  (Compl. ¶ 74.)  The agreement provided that in the event AUA, Inc. defaulted in its payment obligations, AUA, Inc. would pay attorneys' fees equal to 25% of the outstanding balance as well as all court costs incurred.  (Id.)  Rushing signed a personal guarantee on the indebtedness incurred as a result of the agreement.  (Compl. ¶ 78.)   Additionally, any payments from Chartis's insureds that AUA, Inc. received in 2012 constitute damages separate and apart from the agreement.  (Compl. ¶ 32.)  Those payments total $719,835.71 for 2012.  (Exh. A to Doc. #70.)

The factual allegations in the Complaint adequately state viable causes of action under Alabama law for recovery under the contract, guaranties, and conversion, as well as for unjust enrichment.   See generally Barrett v. Radjabi-Mougadam, 39 So.3d 95, 98 (Ala. 2009) (elements of breach of contract claim under Alabama law are valid contract, plaintiff's performance, defendant's nonperformance, and damages); Dickinson v. Cosmos Broad. Co., 782 So.2d 260, 266 (Ala. 2000) ("To prevail on a claim of unjust enrichment, the plaintiff must show that the defendant holds money which, in equity and good conscience, belongs to the

plaintiff or holds money which was improperly paid to defendant because of mistake or fraud." ).  Because all of these well-pleaded factual allegations in the Complaint are deemed admitted by virtue of Defendants' default, and because they are sufficient to state a claim under Alabama law, the court finds that AUA, Inc. and Rushing are jointly and severally liable to Chartis.

In summary, entry of default judgment against both  Defendants is appropriate under Rule 55 given their failure to plead or otherwise defend and the sufficiency of the well-pleaded factual allegations of the Complaint (all of which Defendants have admitted) to establish their liability to Chartis on the breach of contracts, breach of fiduciary duty, conversion and unjust enrichment theories as set forth in the Complaint.

**B. Plaintiff's Proof of Damages**

Notwithstanding the propriety of default judgment against Defendants, it remains incumbent on Plaintiff to prove the amount of damages to which it is entitled. "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." Virgin Records America, Inc. v. Lacey, 510 F.Supp.2d 588, 593 n.5 (S.D.Ala. 2007); see also Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co., 652 F.Supp.2d 599,

605 (E.D.Pa. 2009) ("A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks.").  The court notes that a hearing is not needed to assess damages "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages."  <u>SEC v. Smyth</u>, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005);  <u>United States Artist Corp. v. Freeman,</u> 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.") (citations omitted); <u>see also Flynn v. Extreme Granite, Inc.</u>, 671 F.Supp.2d 157, 160 (D.D.C. 2009) (district court is not required to hold hearing to fix damages in default judgment context as long as it ensures there is a basis for damages specified); <u>Natures Way Marine, LLC v. North American Materials, Inc.</u>, 2008 WL 801702, *3 (S.D.Ala. Mar. 24, 2008) ("Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation.").

The affidavit testimony indicates that the monetary damages sought by Chartis are for a sum certain or for a sum which can by computation be made certain, to wit:

11

(1) $ 400,000 owing on the Note, plus interest of 6% running from March 20, 2012 through the date of final judgment; (2) $719,835.71 owing from unpaid premiums not remitted to Chartis, plus pre-judgment interest pursuant to Alabama Code § 8-8-1 running from April 10, 2012 through the date of final judgment; and (3) $100,350 in attorneys fees ($100,000 which represents 25% of the Note[2]) and court costs ($350). (Exh. A & B to Doc. #70.)

Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003); see also Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award); Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir.2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were "speculative and not proven by a fair preponderance of the evidence"). "Rather than merely telling the Court in summary fashion what its damages are, a plaintiff seeking default judgment must show the Court what those damages are, how they are calculated, and where they

---

[2] The court notes that the agreement, signed by all parties, specifically called for attorneys fees equal to 25% of the outstanding balance on the Note. (See Compl. Exh. A.)

come from." <u>PNCEF, LLC v. Hendricks Bldg. Supply LLC</u>, 740 F. Supp.2d 1287, 1292 (S.D.Ala. 2010). The court must abide by its obligations and award the amount adequately supported by the record. Chartis has provided the court with ample evidence to make an award in the amount requested. (<u>See</u> Doc. #70; Exhs. A & B to Doc. # 70.)

Based upon the court's review of the affidavit testimony and its study of the relevant case law, the Motion (Doc. #70) for Default Judgment against Defendants AUA, Inc. and Richard Rushing is due to be granted, and Chartis is due to recover from Defendants, jointly and severally: (1) $400,000, plus interest of 6% running from March 20, 2012 through the date of final judgment; (2) $719,835.71, plus pre-judgment interest pursuant to Alabama Code § 8-8-1 running from April 10, 2012 through the date of final judgment; and (3) $100,350 in attorneys fees and court costs. The court will enter a final default judgment in favor of Chartis consistent with this memorandum opinion.

**DONE** this the   21st   day of May, 2013.


_____
SENIOR UNITED STATES DISTRICT JUDGE